# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ASHLEY AIELLO, | Case No.: 2:19-cv-00610-APG-VCF |
| Plaintiff | **Order Granting Motion to Dismiss and Denying Motion to Stay** |
| v. | [ECF Nos. 6, 7] |
| GEICO GENERAL INSURANCE COMPANY, et al., | |
| Defendants | |

Ashley Aiello sued her insurer, Geico General Insurance Company, in state court alleging breach of contract and bad faith arising from Geico's valuation of her injuries from a car accident. Geico removed the case to this court and moved to dismiss the bad faith claim. Because Aiello's complaint lacks sufficient facts to state a claim for bad faith, I dismiss it without prejudice. I also deny Geico's motion to sever or stay the bad faith claim.

## I. BACKGROUND

Aiello alleges that she was injured in a car accident in March 2018.[1] The accident was caused by an unidentified driver, who is not a party to this lawsuit.[2] The unidentified driver fled the scene and was never identified, so Aiello submitted a claim to Geico, her insurer, under the underinsured-motorist-coverage provision in her policy.[3] She alleges Geico refused to pay her any benefits under her policy.[4]

---

[1] ECF No. 1-1 at 4.
[2] *Id.*
[3] *Id.* at 5.
[4] *Id.* at 5–6.

Aiello sued Geico for breach of contract and breach of the implied covenant of good faith and fair dealing. Geico moves to dismiss the second count for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[5] In the alternative, Geico moves to sever this count and stay it until the breach-of-contract claim is fully adjudicated.[6] Aiello responds that her complaint is sufficient, but requests leave to amend her complaint in the event that I find otherwise.[7]

## II. LEGAL STANDARD

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[8] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[9] The complaint must set forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."[10] "Factual allegations must be enough to rise above the speculative level."[11] To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[12]

District courts must apply a two-step approach when considering motions to dismiss.[13] First, the court must accept as true all well-pleaded factual allegations and draw all reasonable

---

[5] ECF No. 6.
[6] ECF No. 7.
[7] ECF No. 8.
[8] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[10] *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).
[11] *Twombly*, 550 U.S. at 555.
[12] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).
[13] *Id.* at 679.

inferences from the complaint in the plaintiff's favor.[14] Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations.[15] Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[16] Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[17] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[18] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief."[19] When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.[20] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense."[21]

## III. ANALYSIS

### A. Breach of the Implied Covenant of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution."[22] "The implied covenants of good faith and fair

---

[14] *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).

[15] *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.

[16] *Iqbal*, 556 U.S. at 678.

[17] *Id.* at 679.

[18] *Id.* at 663.

[19] *Id.* at 679 (internal quotation marks and citation omitted).

[20] *Twombly*, 550 U.S. at 570.

[21] *Iqbal*, 556 U.S. at 679.

[22] *A.C. Shaw Constr. v. Washoe Cty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205)); *see also Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007) ("It is well

3

dealing impose a burden that requires each party to a contract to refrain from doing anything to injure the right of the other to receive the benefits of the agreement."[23] "An insurer breaches the duty of good faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'"[24] To constitute a denial "without proper cause," an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying the benefits of the policy."[25] In other words, an insurer's incorrect determination that coverage does not exist under a particular policy is not an actional tort unless there was no reasonable basis for that determination.[26]

Aiello alleges only that Geico failed to pay her damages, "and therefore performed in a manner that was unfaithful to the purpose of the contract formed by the Geico Policy."[27] Her complaint lacks allegations that Geico denied coverage with an actual or implied awareness that there was no reasonable basis supporting its decision. Her formulaic recitation of the elements of this cause of action is insufficient to state a claim. I therefore dismiss Aiello's second cause of action without prejudice.

---

established that all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair actions by one party that work to the disadvantage of the other.").

[23] *Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 3d 1222, 1251 (D. Nev. 2016) (quotation omitted).

[24] *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (quoting *United States Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975)).

[25] *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986).

[26] *Pioneer*, 863 F. Supp at 1242.

[27] ECF No. 1-1 at 6.

4

### B. Bifurcation

Geico requests that I bifurcate Aiello's bad-faith claim for discovery as well as trial, and that I stay that claim until the underlying breach-of-contract claim is resolved.[28] Aiello responds that it would be more efficient and convenient to proceed with both claims together.[29] Geico replies that Aiello's claim for bad faith will fail as a matter of law if she does not recover on the breach-of-contract claim, rendering any action on the extracontractual claim superfluous.[30]

Federal Rule of Civil Procedure 42(b) authorizes courts to order a separate trial of any claim when separation is in the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice.[31] The decision to bifurcate is committed to the trial court's discretion.[32] Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case.[33] "However, bifurcation of the trial does not necessarily require bifurcation of discovery."[34]

Bifurcation of discovery is not warranted in this case. Aiello's claims are intertwined, and separating discovery would unnecessarily prolong the process and waste judicial resources supervising two phases of discovery. I also decline to bifurcate the trial at this time. Bifurcating the claims for trial would require the parties to present much of the same evidence twice, have witnesses testify twice, make many of the same arguments twice, and pay the cost of litigation

---

[28] ECF No. 6 at 12–14.

[29] ECF No. 8 at 5–6.

[30] ECF No. 9 at 4–5

[31] Fed. R. Civ. P. 42(b).

[32] *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

[33] *Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005) (citing *O'Malley v. United States Fid. & Guar. Co.*, 776 F.2d 494, 501 (5th Cir. 1985)).

[34] *Id.*

twice. Any concerns about prejudice or confusion on the jury's part can be properly addressed through jury instructions and counsels' opening statements and closing arguments.[35]

### C. Leave to Amend

In her response to Geico's motion to dismiss, Aiello seeks leave to amend her complaint if I find it fails to meet the federal pleading standard.[36] Geico contends that amendment would be futile, so dismissal should be with prejudice.[37]

Rule 15 requires district courts to "freely give leave [to amend] when justice so requires."[38] This policy is "to be applied with extreme liberality."[39] "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[40] Amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim.[41]

Amendment would not be futile in this case. Aiello contends she has additional facts to support her claim and Geico only speculates that if Aiello had more facts to support her claims, she would have relied on them in her response. Geico argues that Aiello's bad-faith claim is premature because her breach-of-contract claim must be resolved first. But the Supreme Court of Nevada has held that a plaintiff does not need to establish success on a contractual claim

---

[35] *See Tracey v. Am. Family Mut. Ins. Co.*, 2010 WL 3613875, at *7 (D. Nev. Sept. 8, 2010).
[36] ECF No. 8 at 6
[37] ECF No. 11 at 7.
[38] Fed. R. Civ. P. 15(a)(2).
[39] *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).
[40] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quotation omitted).
[41] *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

before proceeding with a bad-faith claim.[42] To find otherwise would require a plaintiff to commence two separate lawsuits even if the facts establish that the insurer breached the insurance contract and acted in bad faith within the same factual sequence.[43] Because amendment would not be futile, I grant Aiello's motion for leave to amend.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Geico's motion to dismiss **(ECF No. 6) is GRANTED**. Count two is dismissed without prejudice.

IT IS FURTHER ORDERED that Aiello may file an amended complaint, consistent with this order, by June 10, 2019.

IT IS FURTHER ORDERED that Geico's motion to sever and stay Aiello's bad faith claim **(ECF No. 7) is DENIED**.

DATED this 20th day of May, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[42] *Allstate Prop. v. Mirkia*, 2013 WL 944778, at *7 (D. Nev. March 7, 2013) (citing *Albery H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 955 n.2 (Nev. 1998)).

[43] *Drennan*, 366 F. Supp. at 1007.